**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jamal J. Hill, | No.  CV 18-04898-PHX-JAT (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, | |
| Defendants. | |

On December 26, 2018, Plaintiff Jamal J. Hill, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In a March 6, 2019 Order, the Court granted the Application to Proceed In Forma Pauperis and dismissed the Complaint. Judgment was entered the same day.

On March 18, 2019, Plaintiff filed a Notice of Interlocutory Appeal with the Ninth Circuit Court of Appeals.  On May 28, 2019, the Ninth Circuit dismissed the appeal; the mandate issued on June 20, 2019.  On January 28, 2020 Plaintiff filed a second Notice of Appeal and a Motion for copies.  The Ninth Circuit dismissed the second appeal as duplicative  and stated that to the extent the January 28 Notice of Appeal included a Motion for Copies, "the motion is referred to the district court for whatever consideration the district court deems appropriate."

Plaintiff seeks "copies of case #2:18cv04898-JAT-CDB"; Plaintiff does not specify the documents for which he seeks copies.

The Clerk of Court charges 50 cents per page for reproducing any record or paper. *See* Judicial Conference Schedule of Fees ¶ 4, foll. 28 U.S.C. § 1914. An inmate has no right to free copies of pleadings. *See In Re Richard*, 914 F.2d 1526, 127 (6th Cir. 1990) (*per curiam*) (28 U.S.C. § 1915 "does not give a litigant a right to have documents copied and returned to him at government expense"). Further, "[t]he Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . .'" *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976). The in forma pauperis statute, 28 U.S.C. § 1915, does not authorize the Court to pay the costs for an indigent litigant's general copy requests. *Cf. Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (Section 1915 does not authorize the district courts to waive payment of fees or expenses for witnesses); *Tedder*, 890 F.2d at 211-12 (same). The Court will therefore deny Plaintiff's Motion for Copies.

**IT IS ORDERED** that Plaintiff's Motion for Copies (filed with the Notice of Appeal at Doc. 17) is **denied**. This case must remain closed.

Dated this 26th day of March, 2020.

James A. Teilborg
Senior United States District Judge